UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 06-00032 (HHK) |
| | : | |
| GEORGE MCKOY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' MOTION TO ADMIT INEXTRICABLY INTERTWINED
EVIDENCE AND OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of inextricably intertwined, contemporaneous uncharged misconduct on the part of the defendant, as well as prior misconduct, all of which is relevant to prove defendant's intent, knowledge, motive, plan, preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") . In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**Factual Summary**

1.      The defendant is charged in a two count indictment with the following crimes: Possession with Intent to Distribute 50 Grams or More of Cocaine Base, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii) and Simple Possession of a Controlled Substance, Marijuana, 21 U.S.C. § 844(a).

2.      At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows: On Tuesday, January 3, 2006 at

approximately 11:56 pm, officers from the United States Park Police (USPP) initiated a traffic stop for obstructing traffic on a 2003 Jaguar driven by the defendant at 35th and A Streets, SE, Washington, D.C., an area known to these Park Police officers for drug trafficking. The defendant was alone in the car at the time of the stop, and had stopped his vehicle in the travel portion of the roadway adjacent to a parked vehicle. In addition to seeing the defendant's vehicle blocking the roadway, officers further observed an individual exit a nearby house and enter the front passenger side of the car. He remained there for about thirty seconds, and then got out of the car.

3. Upon making contact with the driver, the officers noticed that he appeared extremely nervous. He became argumentative and broke eye contact as the officers spoke to him. His hands were trembling. The defendant was asked to step out of the vehicle, and as he complied, he left the driver's side door open. Another Park Police officer arrived on the scene, accompanied by a certified drug detection K-9, to perform a K-9 search around the exterior of the vehicle. While passing the open driver's side door of the car, the K-9 alerted to the presence of narcotics odor. This alert manifested itself in a head turn and intense, closed-mouth sniffing. The K-9 then jumped into the driver's seat of the car and began intensely sniffing the center armrest. The K-9 then jumped over into the passenger seat, touched his nose on the center armrest and sat, which was an indication of a final response, indicating the presence of narcotics odor.

4. A search of the center console yielded a clear sandwich bag containing three ziplock bags of crack cocaine, and an orange ziplock bag containing marijuana. A search of the trunk yielded a blue and black backpack containing a digital scale with residual cocaine, mail

matter addressed to "George McKoy," and various photographs of the defendant, George McKoy. The backpack further contained a black plastic bag holding two clear bags, containing a total of approximately eighty-seven (87) grams of crack cocaine, and a black plastic bag holding one clear bag, containing a total of approximately sixty-two (62) grams of crack cocaine. Forensic analysis by the Drug Enforcement Administration ("DEA") confirmed the presence of cocaine base in the total amount of one hundred forty-four and sixty-nine hundredths (144.69) grams, and marijuana in the amount of seventy hundredths (.70) grams. The backpack further contained a razor blade with residual cocaine, and narcotics packaging supplies consisting of "red apple" label bags filled with approximately one hundred twenty-six (126) empty clear and yellow ziplock bags. The police also recovered two previously issued Notices of Infraction (NOI) for Mr. McKoy from the glove compartment and several items of mail from the driver's side sun visor. A search of Mr. McKoy's body yielded eight hundred and thirty-one ($831.00) dollars in U.S. currency, while the car yielded an additional one hundred ten ($110.00) dollars U.S. currency, for a total of nine hundred forty-one ($941.00) dollars in U.S. currency.

     5.     The next day, (about fourteen hours post-arrest) January 4, 2006, at approximately 2:37 pm, the police executed a D.C. Superior Court search warrant at the defendant's home, a single family house located at 4318 Bowen Road, SE, Washington, D.C., where they found four digital scales, numerous unused ziplock bags, plastic bags with white residue, and mail matter in the name of George McKoy.

**Argument**

     1.     In this case, the government seeks to introduce the uncharged contemporaneous conduct of the defendant on the day he was arrested, namely his possession of drug paraphernalia

(scales/razor blade/empty ziplocks), as inextricably intertwined evidence.  The government also seeks to introduce evidence of the defendant's possession of drug paraphernalia on the day after he was arrested (scales/empty ziplocks) (approximately fourteen hours post-arrest), as well as his previous convictions for attempted distribution of cocaine, attempted possession of cocaine, and attempted possession with intent to distribute cocaine, all pursuant to Rule 404(b).

      2.      Regarding the drug paraphernalia from the day the defendant was arrested,  the government seeks to introduce the numerous digital scales, razor blade and empty ziplocks.  The government takes the position that all of this drug paraphernalia evidence is not other crimes evidence because it facilitates the commission of the charged crime of possession with intent to distribute.  United States v. Bowie, 232 F.3d 923 (D.C. Cir. 2000) suggests that the test for "intrinsic type evidence" asks whether the evidence is of an act that is part of the charged offense, or some uncharged act(s) performed contemporaneously with the charged crime, if it/they facilitate the commission of the charged crime.  Here, it is clear that possession of digital scales, a razor blade and empty ziplock bags  facilitates the crime of possession with intent to distribute narcotics.  Thus, possession of the scales, the razor blade and the empty ziplock bags is not other crimes evidence; rather, it is inextricably intertwined or intrinsic evidence.  See also, United States v. Allen, 960 F.2d 1055, 1058 (D.C. Cir. 1992, cert. denied, 506 U.S. 881 (1992) (testimony that defendant who was charged with PWID stood and watched a co-defendant distribute drugs was intrinsic to drugs recovered shortly thereafter during the execution of a search warrant).[1]

---

[1]    In the alternative, the United States asserts that this drug paraphernalia should be admissible as other crimes evidence, in the event that this court prefers to treat said paraphernalia
(continued...)

3.       Regarding the proffered 404(b) evidence, the government intends to introduce evidence of the defendant's possession of drug paraphernalia on the day <u>after</u> he was arrested, as well as the underlying facts and circumstances related to the following prior convictions:

a. Defendant's conviction on September 21, 1989 in D.C. Superior Court, F-2214-89, for Attempted Distribution of Cocaine;

b. Defendant's conviction on January 27, 1989 in D.C. Superior Court, F-8919-88, for Attempted Possession of Cocaine; and

c. Defendant's conviction on March 24, 1994 in D.C. Superior Court, F-8503-93, for Attempted Possession with Intent to Distribute Cocaine.

4.       Under Rule 404(b), the aforementioned drug paraphernalia possession and prior offenses provide proof in this case that the defendant's possession of the suspected cocaine and marijuana on January 3, 2006, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[2]  They also provide proof of motive, intent, plan and preparation to distribute the narcotics found in his car, since it is reasonable to presume that one engaged in the endeavor of the distribution of narcotics, be it for profit or otherwise, would want to accurately measure their quantity with a scale prior to making the actual distribution, and would want to package it neatly, effectively and efficiently for street level sale.

5.       Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose,

---

[1](...continued)
evidence as Rule 404(b) other crimes evidence.

[2] The Government will provide discovery to defense counsel regarding the aforementioned convictions.

including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

6.      Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

7.      As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was

not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[3]

8.      In the instant case, the government must prove that the defendant knowingly and intentionally possessed the narcotics which were ultimately recovered from his vehicle center console and vehicle trunk.  Furthermore, the government must show that the defendant knowingly possessed the drugs in this case, i.e. that he "did so knowingly and intentionally.  This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently."  See Criminal Jury Instructions (the "Red Book"), Instruction 4.28.  The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession."  Red Book, Instruction 3.08.  The jury will further be instructed that the government must prove the defendant's specific state of mind with respect to these drugs, that is, that he intended to possess them.  Red Book, Instruction 4.28.  The jury will further be instructed that the government must prove that when the defendant possessed the controlled substance, he had the specific intent to distribute it.  "Distribute" means to transfer or attempt to transfer to another person.  Red Book, Instruction 4.29.  Therefore, the government's burden of proving intentional

---

[3] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

possession, intent to distribute, and lack of mistake or accident, is substantial. Each of these elements is directly addressed by the proffered evidence.

9. "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, <u>especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct</u>." <u>United States v. Clarke</u>, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing <u>Huddleston</u>, 485 U.S. at 685) (emphasis added in <u>Clarke</u>). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e. prior possession to prove knowledge, intent, and absence of mistake regarding current possession, and uncharged concomitant conduct consisting of possession of drug paraphernalia, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in <u>Crowder</u>, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The Court in <u>Crowder</u> stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession. <u>See</u> Fed.R.Evid. 401, advisory committee notes.

<u>Id.</u> at 1209 n. 5. The government seeks to do nothing more in the instant case – <u>i.e.</u>, to show the defendant's intent, knowledge, motive, plan, opportunity and absence of mistake with respect to the drugs he possessed. <u>Id.</u>

10. All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs in this case. Moreover, this evidence is also probative in showing that the defendant's possession of the drugs was not the

result of mistake or accident. The significant probative value of the evidence here is clearly <u>not</u> outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

11. Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of drugs is admissible as 404(b) evidence. See <u>United States v. Cassell</u>, 292 F.3d 788, 792 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room"). As the Court of Appeals noted in <u>Cassell</u>, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." <u>Id</u>. at 793 (citation omitted).

12. In <u>United States v. Brown</u>, 16 F.3d 423, 424-26 (D.C. Cir. 1994), the defendant had been charged with multiple drug and firearms offenses. The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown. <u>Id</u>. at 423-26. When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment. <u>Id</u>. at 424.

13. In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 404(b) in a trial of the original charges

9

for the items in the safe. Id. at 429, 430-32. Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. As the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432. While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432. See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.), cert. denied, 522 U.S. 940 (1997) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack);  See also Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992), cert. denied, 507 U.S. 922 (1993) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show

intent, preparation, plan and knowledge); United States v. (Michael) Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

14.     Several decisions from other circuits have similarly held that possession of narcotics and/or firearms on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun).

15.    Recently, the D.C. Circuit held that the Government may not introduce evidence of a prior gun possession to prove that the accused <u>actually</u> possessed a gun at a later point in time.  See <u>United States v. Harold Linares</u>, 367 F.3d 941 (D.C. Cir. 2004).  In <u>Linares</u>, the court held that evidence of prior possession of a handgun was not admissible pursuant to Rule 404(b) to show knowledge in a prosecution pursuant to 18 U.S.C. § 922(g)(1), where the defendant was alleged to have had actual possession of the gun.  The court reasoned that in light of the Government's other evidence presented at trial, a reasonable juror could have found that the defendant possessed the firearm only by concluding that he held it in his hand.  However, under the facts of the instant case the Government will be proceeding using a theory of constructive possession, accordingly, <u>Linares</u> does not control the Rule 404(b) inquiry in this case.

16.    Even if the Court determines that <u>Linares</u> controls in this case, there are significant factors which distinguish this case from the facts in <u>Linares</u>.  Unlike in <u>Linares</u>, a jury in this case may reasonably doubt any proof of actual possession and focus on the issue of constructive possession, for which knowledge is a contested issue.  At this time, there is no evidence that defendant McKoy was ever observed in actual possession of the narcotics seized from his vehicle.  Even if the jury is to credit the police officers' testimony regarding the location of the narcotics, it could still find that the defendant did not have knowledge of the presence of the narcotics recovered from his vehicle.

17.    Therefore, unlike in <u>Linares</u>, the jury could reasonably find that the defendant did not touch the drugs in the police officers' presence, but that he nonetheless had the power to exercise control over these items.  However, the jury could also reasonably doubt that the defendant knew about the presence of the drugs found inside his car's center console and trunk.

Nowhere does <u>Linares</u> suggest that under such circumstances it is error to admit evidence offered to establish the defendant's knowledge. In fact, subsequent to <u>Linares</u>, the Court of Appeals again addressed the use of 404(b) evidence in a case in which the government relied on alternate theories of actual and constructive possession to prove that the defendant unlawfully possessed a firearm. In <u>United States v. Garner</u>, 396 F.3d 438 (D.C. Cir. 2005), the government introduced evidence that would allow the jury to convict on either theory of possession. If the jury credited the testimony of a police officer who (looking through a tinted window) saw the defendant remove the weapon from his waistband and place it under the seat of the vehicle, it could have found the defendant guilty of actual possession of the weapon. Or, the jury could have reasonably discredited that testimony and convicted on a constructive possession theory where the defendant and another individual were in the vehicle where the gun was recovered immediately after the officer saw it. In the latter case, the 404(b) evidence was admissible to prove the defendant's "knowing" dominion and control over the weapon.

18.    Evidence of the defendant's prior possession of drugs should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident. Here, the proffered evidence of other crimes bears a close relationship to the offenses charged. The proffered evidence will clearly demonstrate among other things, the defendant's specific intent, motive, knowledge, and the absence of mistake.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit inextricably intertwined evidence and other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

> Respectfully submitted,
>
> KENNETH L. WAINSTEIN
> UNITED STATES ATTORNEY
> BAR NO. 451058
>
> _____
>
> ROBERT J. FEITEL
> ASSISTANT UNITED STATES ATTORNEY
> D.C. BAR NO. 433-180
> FEDERAL MAJOR CRIMES SECTION
> 202.353.3706

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing United States' Motion to Admit Inextricably Intertwined Evidence and Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant, Assistant Federal Public Defender Jonathan Jeffress, this 13th day of March 2006.

                                                ROBERT J. FEITEL
                                                ASSISTANT UNITED STATES ATTORNEY