UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 06-032 (HHK) |
| GEORGE MCKOY, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT GEORGE MCKOY'S MOTION TO SUPPRESS EVIDENCE SEIZED IN VIOLATION OF THE UNITED STATES CONSTITUTION

Defendant George McKoy, through undersigned counsel, respectfully requests that this Court suppress all evidence seized pursuant to the stop and subsequent search of defendant and his vehicle on January 3, 2006. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.[1]

### BACKGROUND[2]

This case arises out of events allegedly occurring on January 3, 2006 in the area of 35th and A Streets, S.E., Washington, D.C. United States Park Police Officer James Omo allegedly saw defendant double parked outside a home located at 316 34th Street, S.E. According to

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves defendant's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

[2] Defendant here relies only on the P.D. 163 arrest report as the basis for the facts contained in his motion. That reliance and the summary resulting therefrom should not be construed in any manner as a concession by defendant that the allegations contained in the police report and other discovery materials are correct.

Officer Omo, during that time another individual came from 316 34th Street and met with defendant for about 30 seconds. Once defendant was on his way, Officer Omo followed him for several blocks before pulling him over at 35th and A Streets for obstructing traffic.

At some point during the traffic stop, but in the absence of any reasonable suspicion of criminal activity, Officer Omo called for a "CDS detection canine" to conduct a "dog sniff" of defendant's vehicle. The K-9 and its supervising officer arrived sometime thereafter. During the search–but prior to the drug dog alerting for the presence of narcotics–the drug dog climbed onto the seat and into the interior compartment of defendant's vehicle. The dog was then removed from the vehicle and continued to circle the exterior of the car. When the dog reached the open driver's door for a second time, the dog finally alerted to the presence of narcotics in the vehicle. Based on that alert, the officers searched the vehicle and its trunk and allegedly recovered approximately 144 grams of crack cocaine and a small amount of marijuana. The officers also allegedly seized $941 from defendant's person as part of a search incident to arrest.

**ARGUMENT**

1.  **All Evidence Must Be Suppressed Because the Traffic Stop of Mr. McKoy was Objectively Unreasonable.**

In determining the reasonableness of a traffic stop, this Court must apply an objective standard. See United States v. Hill, 131 F.3d 1056 (D.C. Cir. 1997). The Park Police officer's stop of defendant in this case was objectively unreasonable, because Officer Omo had no reasonable basis for believing that defendant had committed a traffic offense or any other kind of offense. As a result, the fruits of that stop, i.e., the crack cocaine and money allegedly seized from defendant's vehicle and his person, must be suppressed. Indianapolis v. Edmond, 531 U.S.

32, 42 (2000); United States v. Bullock, 215 F. Supp.2d 1764 (D.D.C. 2002).

**2.       All Evidence Must Be Suppressed Because the Park Police Officers Unconstitutionally Prolonged Defendant's Seizure In Violation Of The Fourth Amendment.**

In the recent Supreme Court case Illinois v. Caballes, 543 U.S. 405 (2005), the Supreme upheld the use of a drug-sniffing dog to search the exterior of a vehicle that was the subject of a lawful traffic stop.  The Caballes Court was very clear, however, that law enforcement was not constitutionally permitted to extend a traffic stop for a K-9 sniff in the absence of reasonable suspicion or probable cause for doing so.  The Court specifically stated that "[a] seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." Id. at 407.  Indeed, the Caballes Court expressly distinguished the situation it confronted from People v. Cox, 202 Ill. 2d 462, 782 N.E. 2d 275 (2002), an earlier case from the Illinois Supreme Court "involving a dog sniff that occurred during an unreasonably prolonged traffic stop." Caballes, 543 U.S. at 407.  In Cox, the Illinois Supreme Court upheld the suppression of evidence seized from a vehicle because the police officers had prolonged the traffic stop beyond the time necessary to issue the ticket.  The Caballes Court stated that "[w]e may assume that a similar result would be warranted in this case if the dog sniff has been conducted while respondent was being unlawfully detained." Id. at 408.

Assuming *arguendo* that there was a lawful traffic stop in this case–which there was not–the Park Police officers' use of a drug-sniffing dog in this case still violated the Fourth Amendment, as the stop was "unreasonably prolonged" in violation of defendant's Fourth Amendment rights.  There is no question here that the traffic stop was prolonged beyond the time

necessary to write a traffic ticket, so that Officer Omo could obtain the services of a drug-sniffing dog. The stop therefore exceeded the rules set down by the Supreme Court in Caballes and was conducted in violation of defendant's Fourth Amendment rights. The evidence accordingly must be suppressed.

3.  **All Evidence Must Be Suppressed Because the Park Police Officers Exceeded Their Constitutional Authority In Permitting The Drug-Sniffing Dog To Enter Defendant's Car In The Absence of Reasonable Suspicion.**

The evidence also must also be suppressed as a fruit of the unlawful warrantless invasion of defendant's vehicle by the drug-sniffing dog. The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment. See Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971); Katz, 389 U.S. at 357.

In Caballes, the Supreme Court authorized a warrantless inspection of **"the exterior** of respondent's car while he was lawfully seized for a traffic violation." 543 U.S. at 409 (emphasis added). As the defendant in Caballes was already detained on a traffic stop and the dog did not actually enter the car, the defendant's Fourth Amendment rights were not implicated. See id. at 408 ("[i]n our view, conducting a dog sniff would not change the character of a traffic stop that is lawful at its inception and **otherwise executed in a reasonable manner, unless the dog sniff itself infringed respondent's constitutionally protected interest in privacy**" (emphasis

added)).

In this case, by contrast, the search plainly exceeded the Fourth Amendment limitations described in Caballes, as the inspection of the vehicle by the dog was not limited to the exterior of defendant's vehicle, but also included the interior compartment of the car.  In other words, the Park Police officers acquired probable cause to search defendant's vehicle **only after the drug-sniffing dog had already unconstitutionally entered and inspected Mr. McKoy's vehicle**.  The K-9's initial invasion of defendant's vehicle–which, again, occurred **prior to** the K-9 "sniff" that the Government will say provided the officers with probable cause to search the vehicle–occurred in the absence of probable cause or any reasonable suspicion.  There was no applicable exception to the warrant requirement that would justify the K-9's initial invasion of defendant's vehicle.  The evidence seized from defendant's vehicle accordingly must be suppressed.

## **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that this Court suppress the contraband and money allegedly seized from defendant's vehicle and his person on January 3, 2006.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500, ex. 134

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Crim. No. 06-032 (HHK) |
| **GEORGE MCKOY,** | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Upon consideration of defendant's Motion to Suppress Evidence Seized in Violation of the United States Constitution, it is hereby

**ORDERED** that the motion is **GRANTED**; and it is

**FURTHER ORDERED** that the crack cocaine and $941 seized in this case on January 3, 2006 is suppressed.

**SO ORDERED**.

_____
JUDGE HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE

_____
DATE

Jonathan S. Jeffress, AFPD
Robert Feitel, AUSA