UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 06-032 (HHK) |
| GEORGE MCKOY, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT GEORGE MCKOY'S MOTION TO
COMPEL DISCOVERY AND MOTION TO CONTINUE
HEARING ON DEFENDANT'S MOTION TO SUPPRESS**

Mr. George McKoy, the defendant, through undersigned counsel, respectfully moves this Honorable Court to compel the government to provide him with additional discovery essential to the Court's resolution of defendant's Motion to Suppress Evidence Taken in Violation of the United States' Constitution ("Motion"). Additionally, because the government will need time to locate the additional records, and defendant will in turn need more time to consult with his K-9 expert, Dr. Larry Meyers, regarding the additional evidence, defendant requests a continuance of the **June 29, 2006** motions hearing date until at least several weeks after the Court has resolved defendant's motion to compel.

In support of this motion, defendant respectfully submits the following:

1.   This case arises out of events allegedly occurring on January 3, 2006 in the area of 35th and A Streets, S.E., Washington, D.C. United States Park Police Officer James Omo allegedly saw defendant double parked outside a home located at 316 34th Street, S.E. According to Officer Omo, during that time another individual came from 316 34th Street and met with defendant for about 30 seconds. Once defendant was on his way, Officer Omo followed him for

several blocks before pulling him over at 35th and A Streets for "obstructing traffic."

At some point during the traffic stop, but in the absence of any reasonable suspicion of criminal activity, Officer Omo called for a "CDS detection canine" to conduct a "dog sniff" of defendant's vehicle. The K-9 and its supervising officer arrived sometime thereafter. During the search–but prior to the drug dog alerting for the presence of narcotics–the drug dog climbed onto the seat and into the interior compartment of defendant's vehicle. The dog was then removed from the vehicle and continued to circle the exterior of the car. When the dog reached the open driver's door for a second time, the dog finally alerted to the presence of narcotics in the vehicle. Based on that alert, the officers searched the vehicle and its trunk and allegedly recovered approximately 144 grams of crack cocaine and a small amount of marijuana. The officers also allegedly seized $941 from defendant's person as part of a search incident to arrest.

2.   On April 3, 2006, defendant filed his Motion to Suppress. The Motion argues that the evidence in this case should be suppressed on a number of grounds: (1) because the traffic stop of defendant was objectively unreasonable; (2) because the officers unconstitutionally prolonged the traffic stop; (3) because the officers exceeded their constitutional authority in allowing the dog into defendant's car absent reasonable suspicion or probable cause. In addition, it is of course the government's burden to justify the search of defendant's car. See, e.g., United States v. Matlock, 415 U.S. 164, 177 n.14 (1974). Thus, the government must show that the K-9 alert in this case was sufficient to support probable cause that there were narcotics in defendant's automobile.

3.   Accordingly, defendant requested several discovery items from the government regarding the K-9 used in this case, K-9 Finnegan. Defendant requested, inter alia, the dog's training records, its training log, its veterinarian records, and a log of the times the dog has

alerted versus times narcotics have been discovered. Based on conversations with Dr. Meyers, the Metropolitan Police Department should either possess all of the foregoing materials or have easy access to them.

    4.    On June 16, 2005, the government turned over only documents certifying that the dog and its handler were certified on January 3, 2006. See Ex. 1 (June 16, 2005 letter from AUSA Michael Truscott). With regard to all additional requests, the government stated that the requests are for documents that "are either not in the existence in the format contemplated by the request, seek information immaterial to this case, or internal government documents not subject to disclosure." Id.

    5.    Defendant's expert, Dr. Meyers, will testify that the materials requested by defendant are essential to any resolution of the Fourth Amendment issues raised by MPD's search of defendant's car in this case.[1] Accordingly, defendant requests that the Court enter the attached order compelling the government to locate and produce the following: records that are in the possession, custody or control of the government regarding the dog's training, its training log, its veterinarian records, and a log of the times the dog has alerted versus times narcotics have been discovered. Based on conversations with defendant's expert, undersigned counsel understands that MPD should have the aforementioned records or have access to them.

    WHEREFORE, for the foregoing reasons, defendant respectfully moves this Honorable Court to compel the government to produce the above-referenced materials, or to state that such materials do not exist. Because this process will take time, defendant also respectfully requests that the Court continue this matter for several weeks in order to give the government time to

---

[1] Defendant will submit a C.V. and affidavit from Dr. Meyers regarding the need for additional records.

conduct a good faith search for the materials.

                    Respectfully submitted,

                    "/s/"
_____
Jonathan S. Jeffress
Assistant Federal Public Defender
<u>Counsel for George McKoy</u>
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20001
(202) 208-7500