**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  06-032 (HHK)** |
| | : | |
| | : | **MOTIONS HEARING: June 29, 2006** |
| **GEORGE MCKOY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**UNITED STATES' RESPONSE TO**
**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

COMES NOW, the United States of America, by and through the undersigned attorneys, and hereby responds to the Defendant George McKoy's Motion to Compel Discovery and Motion to Continue Hearing on Defendant's Motion to Suppress (Motion to Compel) filed on or about June 28, 2006.

1.  The defendant was indicted on the charges of Possession With the Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)1) and 841(b)(1)(A)(iii), as well as Simple Possession of Marijuana, in violation of 21 U.S.C. § 844(a).  These charges arise out of events that occurred on January 3, 2006.

2.  On or about April 3, 2006, the Defendant George McKoy's Motion to Suppress Evidence Seized In Violation of the United States Constitution (Motion to Suppress).  In turn, the United States' Opposition to Defendant's Motion to Suppress Evidence was filed on April 12, 2006.  Thus, the motion has been fully briefed.  Without repeating the arguments set forth in the briefs, the Motion to Suppress relates, at least in part, to the use of a K-9 dog on January 3, 2006.

3.  On June 7, 2006, the defendant telephoned counsel for the government and requested

copies of the dog's training records, training log, initial training history, veterinarian records, "time alerted versus narcotics discovered", the "time not alerted versus narcotics discovered", the handler's records, disciplinary records and whether the police vehicles were equipped with a camera on January 3, 2006.

4. On June 16, 2006, the United States provided the defense with documentation that the dog and handler in this case were certified on January 3, 2006. In addition, the United States pointed out to the defense that the requests "are not permitted by Rule 16 of the Federal Rules of Criminal Procedure. The requests seek documents that are either not in existence in the format contemplated by the request, seek information immaterial to this case, or internal government documents not subject to disclosure." See Exhibit 1, Letter of Assistant United States Attorney Michael T. Truscott, dated June 16, 2006, attached to the Motion to Compel.

5. Instead of addressing the government's objections with the United States or in the Motion to Compel filed the day before the motions hearing, the defense simply asserts that the motion should be granted and that it will explain why the materials "are essential" to a resolution of the Motion to Suppress. Therefore, the Motion to Compel should be denied.

6. First, the motion offers absolutely no authority for the proposition that all of the documents requested are discoverable under Rule 16 of the Federal Rules of Criminal Procedure. It is far from settled that the defendant is entitled to the discovery requested. See e.g. United States v. Sundby, 186 F.3d 873, 875 (8th Cir. 1999)(affidavit in support of search warrant need only provide that the dog has been trained and certified to detect drugs and it is not necessary to provide account of dog's training or track record). Thus, the Motion to Compel wholily fails to establish a legal basis for the relief requested.

7.  Moreover, the motion states that "[d]efendant's expert, Dr. Meyers, will testify that the materials requested by defendant are essential to any resolution" the Motion to Suppress.  In a footnote, the motion states that the defendant "will submit a C.V. and affidavit from Dr. Meyers regarding the need for additional records."  <u>See</u> Motion to Compel, ¶ 5 and footnote 1.  This is simply an insufficient basis to grant a last minute motion to compel.  There is nothing to explain who Dr. Meyers is or what his or her qualifications are.  The Motion to Compel baldly asks this Court to grant a motion to compel – without addressing any of the issues raised by the United States – and advises that it will provide a basis for this request at some later date.  As such, this approach in the Motion to Compel precludes the United States from any meaningful opportunity to address the merits of the defendant's arguments.

8.  For example, in paragraph 3 of the Motion to Compel, it states that "[b]ased on conversations with Dr. Meyers, the Metropolitan Police Department should possess all of the foregoing materials or have easy access to them."  Putting aside the fact that the Metropolitan Police Department has absolutely nothing to do with this case because all of the officers involved in this case are members of the United States Park Police, the motion wholly fails to set forth the basis for the doctor's assertion and what format Dr. Meyers anticipates this information to be.  Therefore, the United States is precluded from addressing this unsubstantiated assertion.

9.  In short, in reading it closely, it is clear that the Motion to Compel offers no legal or factual basis, and should be denied in its entirety.

10.  In the event that the Court grants the motion insofar as it seeks a continuance, the United States respectfully requests to be advised of that fact so that the United States can release the officers who have been subpoenaed to testify at the suppression hearing.

**CONCLUSION**

Therefore, upon the foregoing facts and the authorities cited, the Court should deny the

Motion to Compel in its entirety.


                                            Respectfully,
                                            KENNETH L. WAINSTEIN
                                            United States Attorney


                                            By: _____
                                            MICHAEL T. TRUSCOTT
                                            ASSISTANT UNITED STATES ATTORNEY
                                            Member of the New York Bar
                                            Federal Major Crimes Section
                                            United States Attorney's Office
                                            555 Fourth Street, N.W., Room 4237
                                            Washington, D.C. 20530
                                            Phone: (202) 514-7533
                                            Fax: (202) 514-6010

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing United States' Response to Motion to Compel Discovery was caused to be served via United States Mail, postage prepaid, upon counsel of record for the defendants, this 28th day of June, 2006, upon:


Jonathan Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004


                                      _____
                                        MICHAEL T. TRUSCOTT