UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 06-032 (HHK) |
| GEORGE MCKOY, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT
OF HIS MOTION FOR RECONSIDERATION**[1]

    The defendant, George McKoy, through counsel, respectfully submits this Reply Brief in Support of His Motion for Reconsideration. Defendant's Motion for Reconsideration seeks reconsideration of the Court's ruling with respect to the constitutionality of the search of defendant's vehicle by the Park Police drug-dog, Finnegan. Because Finnegan's search of defendant's vehicle was not supported by probable cause, or any other exception to the Fourth Amendment's warrant requirement, defendant's motion for reconsideration should be granted and the evidence suppressed.

    In support of defendant's Motion for Reconsideration, defendant respectfully submits as follows:

    1.    Warrantless searches of a citizen's vehicle require probable cause. See United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958); United States v. Jenkins, 530 F. Supp. 8, 10

---

[1] Counsel had competed this motion yesterday, the day it was due, and attempted to file it last night. PACER was not functioning. Counsel was in trial today and unable to file it until after the trial day was completed. Undersigned counsel respectfully apologizes for any inconvenience caused by the delay..

(D.D.C. 1981) (citing Brinegar v. United States, 338 U.S. 160, 175 (1949)). The Park Police did not have probable cause to search defendant's vehicle.

2. The Park Police K-9 officer, Officer Jeff Daughtery, had control over the drug dog, K-9 Finnegan. See Afternoon Transcript ("AT") at 39 (dog on leash); id. at 39 ("Q . . . the dog was on a leash? A: Yes. Q: . . . And that gives you control over the dog? A: Yes."). id. at 39-40 (leash gave Officer Daughtery control over dog); id. at 47-48 (leash is six feet long, but Officer Daughtery chokes up on the leash by a couple of feet to "keep it short").

3. While Officer Daughtery had control over Finnegan, Finnegan entered defendant's car. See AT at 31. Officer Daugherty then pulled him out and they circled the car again. On the second pass, and while still on the leash controlled by Officer Daughtery, Finnegan entered the car again. See id. at 34. This time, Officer Daughtery allowed Finnegan to remain in the car. See id.. Finnegan jumped into the passenger seat, sniffed the center console, and then, finally, alerted for the presence of narcotics. See id.

4. Finnegan was not constitutionally permitted into the interior of defendant's car prior to alerting for narcotics, as the officers did not have probable cause to search the car until after the K-9's entry. See Illinois v. Caballes, 543 U.S. 405 (2006) (authorizing a warrantless inspection by a K-9 of "*the exterior* of respondent's car while he was lawfully seized for a traffic violation") (emphasis added); Indianapolis v. Edmond, 531 U.S. 32, 40 (2000) (finding that "walk[ing] a narcotics-detection drug dog around the *exterior*" of a car was not a search) (emphasis added).

5. Because the Park Police did not acquire probable cause to search defendant's vehicle until *after* Officer Daughtery had allowed Finnegan inside defendant's car (for a second

time), the evidence discovered inside the car must be suppressed. See United States v. Winningham, 140 F.3d 1328 (10th Cir. 1998) (evidence suppressed because officers allowed dog into car prior to having probable cause); cf. United States v. Stone, 866 F.2d 359 (10th Cir. 1989) (evidence not suppressed because dog was off-leash and its actions in jumping into the hatchback [opened by defendant] were "instinctual").

## CONCLUSION

Based on the foregoing, defendant respectfully requests that the Court grant defendant's Motion for Reconsideration and suppress the contraband and money allegedly seized from defendant's vehicle and his person on January 3, 2006.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
Counsel for George McKoy
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20001
(202) 208-7500